SimoN, J.
The defendant is appellant from a judgment which condemns him to pay to the plaintiffs the sum of $572 19, which is the balance of an account current heretofore existing between the parties, and to prove which, said plaintiffs thought proper to probe the conscience of their debtor.
It results from the answers of the defendant to the interrogatories propounded to him by the plaintiffs, that the latter were his commission merchants, in the city of New Orleans, between the years 1841 and 1844; that he, the defendant, received all the articles, goods and merchandize specified in the account annexed to the plaintiffs’ petition ; that he does not recollect having with said plaintiffs, an account current which has never been settled; and that said defendant acknowledges to have received *544 from the plaintiffs, an account similar to the one sued on, and to have also received every year from his commission merchants, an account current, in which he was debited with the drafts, sums of money or payments, goods and merchandizes, drayages, commissions, &c,., and debited with the proceeds of cotton specified in said account.
The account current annexed to the plaintiff’s petition, begins with charging the defendant with $36 73, being the balance due according to account rendered, bearing date 30th of June, 1842. The items which follow said balance, consist of divers goods and merchandize forwarded to him at divers periods, renewals and payments of notes in bank, payments of drafts in favor of divers persons ; and show the credits to which said defendant is entitled, as proceeding from sales of cotton, &c., from the 20th of July, 1842, to the 16th of August, 1843, periods within which all the different items in the account are embraced, showing on the debit side thereof, an amount of $2118 78, and on the credit side, a sum of $1546 57.
The correspondence of the defendant with the plaintiffs show's also the nature of his dealings and transactions with them. They were his commission merchants, charged with the sales of his cotton crops, and were in the habit of procuring and purchasing for him the articles which he wanted, and of renewing his notes in bank, and paying the drafts which he drew upon them at different periods. All the drafts and notes mentioned in the account current were produced in evidence, and are found in the record.
It is clear, that the defendant, who acknowledges that he has received all the articles of goods and merchandize enumerated in the account current, and that he has been furnished with an account similar to (he one sued on, and also that he received every year, an account current of his dealings with the plaintiffs, and who tacitly recognized the correctness of the claim by making no objection thereto, cannot now pretend that said claim is unfounded. The plaintiffs were his commission merchants, acted as his agents, purchased goods for him, and accepted his drafts and paid his notes in bánk in that capacity ; and it seems to us, that his silence precludes any objection, now, to his reimbursing to the plaintiffs, the amount of their advances. 7 Mart. N. S. *545 142. 10 La. 298. Merlin, Questions de Droit, verbo, Compte Courant, p. 488. Here, however, there is more than the defendant’s ratification of the acts of his agents as resulting from his silence. There is positive proof of his having received from them the goods and merchandize carried in the account, of his drafts having been paid as charged, and of his notes having been renewed. His defence is limited to the general issue; and although, in answer to one of the plaintiffs’ interrogatories he states evasively, that he does not. recollect having with the plaintiffs an account current that has never been settled, we are not prepared to say, that his want of recollection can be taken as proof that he owes the plaintiffs nothing, or can, in any manner, weaken the evidence which has been adduced by the latter to establish their claim. The goods were not sold by the plaintiffs, but were purchased by them at the request of the defendant, as advances made to him on the sales of his crops ; and we agree with the Judge, a quo, in the opinion, that said plaintiffs having established the receipt of the accounts, and of the articles of merchandize purchased for his benefit, it was his duty to prove that his cotton had been sold for more than is accounted for, or that the articles furnished had been purchased for less than charged.

Judgment affirmed.